The Court certified to the court below that *"round copper bottoms turned up at the edge* are *not* liable to the payment of duty within the meaning of the several acts of congress."   [Italics quoted.]   The several acts of Congress to which reference is made are the Act of July 4, 1789, Act of August 10, 1790, Act of May 2, 1792, and the Act of June 7, 1794.

Defendant herein seeks to minimize the relevancy and importance of the *Kid* and *Potts* cases, *supra*, asserting that they are not pertinent to the issue herein and that, since they involve acts of Congress dating from 1789 to 1794, they relate to provisions "too remote in time and too dissimilar from the provision before the Court for consideration herein to be of material aid."

We are of the opinion, however, that the factual and legal aspects of the *Kid* and *Potts* cases are so similar to those of the case at bar that they are controlling in principle and quite in harmony with the *Sciaky* case, *supra*.

From the record before us in this case, it appears that nothing has been done to the imported articles other than hot rolling and annealing copper into plates and cutting them by means of a bandsaw into circles of 129 inches in diameter.

We, accordingly, find that the importation in question consists of copper in plates, in circular form, not manufactured, and, therefore, entitled to free entry as copper plates, not manufactured, within the meaning of that provision in paragraph 1658 of the Tariff Act of 1930.

For the reasons stated and upon the authority of the *Kid, Potts*, and *Sciaky* cases, *supra*, we sustain plaintiff's claim for free entry of the subject merchandise.

Judgment will issue in accordance with the views above expressed, directing the collector of customs to reliquidate the entry accordingly.

No. 67411.—American Pecco Corporation *v.* United States, protests 59/4132 and 60/19706 (Galveston).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of form supports similar in all material respects to those the subject of *Universal Builders Supply Co., Inc.* v. *United States* (48 Cust. Ct. 99, C.D. 2319), the claim of the plaintiff was sustained.

No. 67412.—American Pecco Corp. *v.* United States, protest 60/16775 (Los Angeles).

Opinion by LAWRENCE, J.   In accordance with stipulation of counsel that the merchandise consists of form supports similar in all material respects to those

the subject of *Universal Builders Supply Co., Inc.* v. *United States* (48 Cust. Ct. 99, C.D. 2319), the claim of the plaintiff was sustained.

**No. 67413.**—Hirschberg-Schutz & Co., Inc. *v.* United States, protest 280735–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that certain items of the merchandise consist of ribbons similar in all material respects to those the subject of *Beer Stern Import Corp.* v. *United States* (39 Cust. Ct. 294, C.D. 1944), the claim of the plaintiff was sustained.

**No. 67414.**—Alfred Dunhill of London, Inc. *v.* United States, protest 62/11643 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of cotton half-sleeve sport shirts, not composed in any part of tuckings, not knit or crocheted, the claim of the plaintiff was sustained.

**No. 67415.**—Herzman Scarfs, Inc. *v.* United States, protests 290289–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the items marked "A" consist of nylon woven mufflers, hemmed, similar in use to silk woven mufflers, hemmed, valued at more than $5 per dozen, the claim at 27½ percent ad valorem under paragraph 1209, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), was sustained. The items marked "B," stipulated to consist of nylon wearing apparel similar in use to silk wearing apparel, were held dutiable at 32½ percent under paragraph 1210, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), as claimed. *United States* v. *Steinberg Bros.* (47 CCPA 47, C.A.D. 727), followed.

**No. 67416.**—Haddad & Sons *v.* United States, protests 61/10769 and 60/25404 (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the mer-